Jim FAIR, Plaintiff,

and

Elizabeth M. Axtell and Nell S. Stewart, Intervenors,

v.

Jim FAIR et al., Defendants.

No. 69–263–Civ.T.

United States District Court,
M. D. Florida,
Tampa Division.

July 10, 1970.

---

Jim Fair, pro se.

Walter Crosby Few, Tampa, Fla., for Board of Public Instruction and members of Board.

T. A. Pacyna, Asst. Atty. Gen., for Earl Faircloth.

Michael J. O'Brien, for County Election Board.

Michael T. Foster, for Jos. G. Spicola, Jr., State's Atty.

Richard H. Frank, Tampa, Fla., for intervenors.

Before DYER, Circuit Judge, and KRENTZMAN and SCOTT, District Judges.

PER CURIAM:

This action, which was commenced in July, 1969, challenges Article VII, Sections 9 and 12 of the Florida Constitution, as amended in 1968, F.S.A. on the ground that the provisions of such sections limiting the electorate in bond and millage elections to persons who are the owners of freeholds not wholly exempt from taxation are unconstitutional under the Equal Protection Clause of the United States Constitution. Specifically at issue is the validity of over 19 million dollars worth of general obligation bonds authorized by an election held in Hillsborough County, Florida, on July 15, 1969 and limited to owners of freeholds not wholly exempt from taxes and lying within Special Tax School District Number One. The bonds were to be issued to fund a school expansion program.

Section 9 of Article VII limits electors in millage elections to persons who are owners of freeholds not wholly exempt from taxation. Section 12 of Article VII authorizes the issuance of bonds payable from ad valorem taxation when approved by a vote of the same class of electors.

Briefs were filed in the case and oral argument was heard. The defendants requested the court to withhold ruling pending decision by the Supreme Court in City of Phoenix, Arizona v. Kolodziejski, 1970, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 [1970] which, the defendants represented, would control the instant case.

In the meantime, in October, 1969, the Hillsborough County Board of Public Instruction filed an action in the State courts pursuant to Florida Statutes § 75.01 et seq., F.S.A. to test the validity of the bonds.[1] The trial court

---

1. Sections 75.02 and 75.03 of the Florida Statutes, F.S.A., provide that any county, municipality, taxing district or other political district or subdivision which is

authorized to issue bonds may institute a proceeding for validation of the bonds after they have been authorized in an election.

validated the bonds. The case is now before the Florida Supreme Court but, by stipulation, no one has filed any assignments of error there.

We agree that *City of Phoenix, supra,* which held that the Equal Protection Clause does not "permit a State to restrict to real property taxpayers the vote in elections to approve the issuance of general obligation bonds", is dispositive of the instant case.

Accordingly, it is ordered and adjudged that those provisions of Article VII, Sections 9 and 12 of the Florida Constitution which restrict bond and millage elections to persons who are the owners of freeholds not wholly exempt from taxation are unconstitutional and that the bonds authorized in the July 15, 1969, election in Hillsborough County are invalid. The defendants are enjoined from taking any further action to issue the bonds approved in that election.